**Rule 1910.11. Office Conference. Subsequent Proceedings. Order**

**[(a)(1)**      **The office conference shall be conducted by a conference officer.]**

**(a)**      ***Office Conference.***

        **(1)**      **A conference officer shall conduct the office conference.**

        (2)      **[Any]A** lawyer serving as a conference officer employed by, or under contract with, a judicial district or appointed by the court shall not practice family law before a conference officer, hearing officer, permanent or standing master, or judge of the same judicial district.

*Note*:  Conference officers preside at office conferences under **[Rule]Pa.R.C.P. No.** 1910.11.  Hearing officers preside at hearings under **[Rule]Pa.R.C.P. No.** 1910.12. The appointment of masters to hear actions in divorce or for annulment of marriage is authorized by **[Rule]Pa.R.C.P. No.**  1920.51.

      (b)      If **[either]a** party fails to appear at the conference**[ before the officer]** as directed by the court, the conference may proceed.

      **[(c)      At the conference, the parties shall furnish to the officer true copies of their most recent federal income tax returns, their pay stubs for the preceding six months, verification of child care expenses, and proof of medical coverage that they may have or have available to them. In addition, the parties shall provide copies of their Income Statements and Expense Statements in the forms required by Pa.R.C.P. No. 1910.27(c) and completed as set forth in (1) and (2) of this subdivision**.

      *Note:  See* **Pa.R.C.P. No. 1930.1(b). To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the** *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* **shall apply.**

        **(1)      For cases which can be determined according to the guideline formula, the Income Statement must be completed and the Expense Statement at Rule 1910.27(c)(2)(A) should be completed if a party is claiming unusual needs and unusual fixed expenses that may warrant a deviation from the guideline amount of support pursuant to Rule 1910.16-5**

**or seeks apportionment of expenses pursuant to Rule. 1910.16-6. In a support case that can be decided according to the guidelines, even if the support claim is raised in a divorce complaint, no expense form is needed unless a party claims unusual needs or unusual fixed expenses or seeks apportionment of expenses pursuant to Rule 1910.16-6.  However, in the divorce action, the Expense Statement at Rule 1910.27(c)(2)(B) may be required.**

**(2)     For cases which are decided according to Rule 1910.16-3.1, the Income Statement and the Expense Statement at Rule 1910.27(c)(2)(B) must be submitted.]**

**(c)     At the conference, the parties shall provide to the conference officer the following documents:**

- **the most recently filed individual federal income tax returns, including all schedules, W-2s, and 1099s;**
- **the partnership or business tax returns with all schedules, including K-1, if the party is self-employed or a principal in a partnership or business entity;**
- **pay stubs for the preceding six months;**
- **verification of child care expenses;**
- **child support, spousal support, alimony *pendente lite*, or alimony orders or agreements for other children or former spouses;**
- **proof of available medical coverage; and**
- **an Income Statement and, if necessary, an Expense Statement on the forms provided in Pa.R.C.P. No. 1910.27(c) and completed as set forth in subdivisions (c)(1) and (2).**

*Note:  See* **Pa.R.C.P. No. 1930.1(b). To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* shall apply.**

**(1)     The parties shall provide the conference officer with a completed:**

**(i)     Income Statement as set forth in Pa.R.C.P. No. 1910.27(c)(1) in all support cases, including high-income cases under Pa.R.C.P. No. 1910.16-3.1; and**

**(ii)** **Expense Statement as set forth in Pa.R.C.P. No. 1910.27(c)(2)(A), if a party:**

    **(A)** **claims that unusual needs and unusual fixed expenses may warrant a deviation from the guideline support amount pursuant to Pa.R.C.P. No. 1910.16-5; or**

    **(B)** **seeks expense apportionment pursuant to Pa.R.C.P. No. 1910.16-6.**

**(2)** **For high-income support cases as set forth in Pa.R.C.P. No. 1910.16-3.1, the parties shall provide to the conference officer the Expense Statement in Pa.R.C.P. No. 1910.27(c)(2)(B).**

(d) *Conference Officer Recommendation.*

(1) The conference officer shall **[make a recommendation to the parties of an amount of support calculated in accordance with the guidelines]calculate and recommend a guideline support amount to the parties**.

**[(2)** **If an agreement for support is reached at the conference, the officer shall prepare a written order substantially in the form set forth in Rule 1910.27(e) and in conformity with the agreement for signature by the parties and submission to the court together with the officer's recommendation for approval or disapproval. The court may enter the order in accordance with the agreement without hearing the parties.]**
**(2)** **If the parties agree on a support amount at the conference, the conference officer shall:**

    **(i)** **prepare a written order consistent with the parties' agreement and substantially in the form set forth in Pa.R.C.P. No. 1910.27(e), which the parties shall sign; and**

    **(ii)** **submit to the court the written order along with the conference officer's recommendation for approval or disapproval.**

    **(iii)** **The court may enter the order in accordance with the**

**agreement without hearing from the parties.**

* * *

**Rule 1910.16.** <u>Rescinded</u> **[Support Order. Allocation**

(a)     In an order awarding child support and spousal support or child support and alimony *pendente lite*, the court may on its own motion or upon the motion of either party:

(1)     Make an unallocated award in favor of the spouse and one or more children; or

(2)     State the amount of support allocable to the spouse and the amount allocable to each child.

*Note: See* 23 Pa.C.S. § 4348(d) for additional matters that must be specified in an order of support if arrearages exist when the order is entered.

(b)     An unallocated order for child support and spousal support or child support and alimony *pendente lite* shall be a final order as to all claims covered in the order.  Motions for post-trial relief may not be filed to the final order.

*Note:* The procedure relating to Motions for Reconsideration is set forth in Pa.R.C.P. No. 1930.2.]

**[Explanatory Comment — 1994**

The decision to allocate a support order has federal income tax consequences and an effect upon subsequent modification of an order. Allocation of an order, as well as other factors, will determine which party pays the federal income tax, and thus the actual cost of the support to the payor and the amount of money available to the payee. Allocation of the order permits the court to determine more easily whether modification of the order is warranted.

**Explanatory Comment — 2018**

Subdivision (b) resolves the question of the appealability of an unallocated order and any other claims adjudicated in that order. The rule declares the orders are final and appealable. Not only is the unallocated support order final and appealable, so are the other claims covered in the order, irrespective of whether those would be final and appealable had the claims not been a part of the order awarding unallocated support.]

**Rule 1910.16-1. Amount of Support. Support Guidelines**

\* \* \*

(b)     **[***Amount of ]****Support *Amount*.** The **[amount of ]**support **amount** (child support, spousal support or alimony **[pendente lite) to be]***pendente lite)* awarded pursuant to the **[procedures under Rules]Pa.R.C.P. Nos.** 1910.11 and 1910.12 **[shall] procedures must** be determined in accordance with the support guidelines**,** which consist of the guidelines expressed as the child support schedule **[set forth in Rule]in Pa.R.C.P. No.** 1910.16-3, the **[formula set forth in Rule]Pa.R.C.P. No.** 1910.16-4 **formulas,** and the operation of the guidelines as set forth in these rules.

(c)     *Spousal Support and Alimony Pendente Lite.*

(1)     **[Orders for spousal support and alimony pendente lite shall]Spousal support and alimony *pendente lite* orders must** not be in effect simultaneously.

(2)     In determining **[the duration of an award for spousal support or alimony pendente lite, the trier of fact]a spousal support or alimony *pendente lite* award's duration, the trier-of-fact** shall consider the **[duration of the marriage from]marriage's duration, i.e.,** the date of marriage to the date of final separation.

(d)     *Rebuttable Presumption.* **[If it has been determined that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded. The support guidelines are a rebuttable presumption and must be applied taking into consideration the special needs and obligations of the parties. The trier of fact must consider the factors set forth in Rule 1910.16-5. The presumption shall be rebutted if the trier of fact makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate.]If the trier-of-fact determines that a party has a duty to pay support, there is a rebuttable presumption that the guideline-calculated support amount is the correct support amount.**

**(1)     The presumption is rebutted if the trier-of-fact concludes in a written finding or states on the record that the guideline support amount is unjust or inappropriate.**

**(2)     The trier-of-fact shall consider the children's and parties' special needs and obligations, and apply the Pa.R.C.P. No.**

7

## 1910.16-5 deviation factors, as appropriate.

    (e)    *Guidelines Review*. The guidelines **[shall]must** be reviewed at least **[once]** every four years to **[insure]ensure** that **[application results in the determination of appropriate amounts of support]their application determines appropriate support amounts**.

* * *

## EXPLANATORY COMMENT — 2017

Pursuant to Pa.R.C.P. No. 1910.3(a), a person having custody of a child or caring for a child may initiate a support action against the child's parent(s). Previously, this rule only addressed when a public body or private agency had custody of a child but was silent with regard to an individual third party, e.g., grandparent, seeking support. The rule has been amended by adding a new subdivision (a)(2) and renumbering the previous (a)(2) to (a)(3). In addition, an example illustrating the new (a)(2) calculation has been included.

Subdivision (a)(2) excludes the income of the third party/obligee, as that person does not have a duty of support to the child; instead, the rule uses the combined monthly net income of the parents to determine the basic child support amount, which is then apportioned between the parents consistent with their respective percentage of the combined monthly net income in the same manner as a parent vs. parent support action. However, under this rule, each parent would be a separate obligor, would pay the obligee their proportionate share under a separate support order, and would be subject to separate enforcement proceedings. Under (a)(2), the exclusion of the third party's income is consistent with Pa.R.C.P. No. 1910.16-2(b)(2)(**[B]ii**) as that rule relates to an action for support by a third party against a surviving parent in which the child receives a Social Security derivative benefit due to the death of the other parent.

In accordance with Pa.R.C.P. No. 1910.16-6(c), payment of the first $250 of unreimbursed medical expenses per year per child is applicable to third party/obligees in support actions governed by (a)(2). The first $250 of unreimbursed medical expenses is built into the Basic Child Support Schedule.

**Rule 1910.16-2. Support Guidelines. Calculation of Monthly Net Income**

Generally, the **support** amount **[of support to be ]**awarded is based **[upon]on** the parties' monthly net income.

(a)     *Monthly Gross Income*. Monthly gross income is ordinarily based **[upon]on** at least a six-month average of **[all of ]**a party's income. The **[term "income" is defined by the ]**support law, 23 Pa.C.S.**[A.]** § 4302, **defines the term "income"** and includes income from any source. The statute lists many types of income including, but not limited to:

(1)     wages, salaries, bonuses, fees**,** and commissions;

(2)     net income from business or dealings in property;

(3)     interest, rents, royalties, and dividends;

(4)     pensions and all forms of retirement;

(5)     income from an interest in an estate or trust;

(6)     Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation**,** and unemployment compensation;

(7)     alimony if, in the **trier-of-fact's** discretion**[ of the trier of fact]**, inclusion of part or all of it is appropriate; and

*Note:*  **In determining the appropriateness of including alimony in gross income, the trier-of-fact shall consider whether the party receiving the alimony must include the amount received as gross income when filing his or her federal income taxes.  If the alimony is not includable in the party's gross income for federal income tax purposes, the trier-of-fact may include in the party's monthly net income the alimony received, as appropriate.  *See* Pa.R.C.P. No. 1910.16-2(c)(2)(ii).**

Since the reasons for ordering payment of alimony vary, the appropriateness of including it in the recipient's gross income must also vary. For example, if the obligor is paying $1,000 per month in alimony for the express purpose of financing the obligee's college education, it would be inappropriate to consider that alimony as income from which the obligee could provide child support. However, if alimony is intended to finance the obligee's general living expenses,

inclusion of the alimony as income is appropriate.

(8) other entitlements to money or lump sum awards, without regard to source, including**:**

**(i)** lottery winnings;

**(ii)** income tax refunds;

**(iii)** insurance compensation or settlements;

**(iv)** awards and verdicts; and

**(v)** **[any form of payment]payments** due to and collectible by an individual regardless of source.

*Note:* The **[trial court has discretion to determine]trier-of-fact determines** the most appropriate method for imputing lump-sum awards as income for purposes of establishing or modifying the party's support obligation. These awards may be annualized or **[they may be]** averaged over a shorter or longer period**[ of time]** depending on the **case's** circumstances**[ of the case]**. **[They may also be escrowed in an amount sufficient]The trier-of-fact may order all or part of the lump sum award escrowed** to secure the support obligation during that period**[ of time]**.

**[Income tax refunds should not be included as income to the extent they were already factored into the party's actual tax obligation for purposes of arriving at his or her net income.]The trier-of-fact shall not include income tax refunds in a party's income, if the trier-of-fact factored in the tax refund when calculating the party's actual tax obligation and monthly net income.**

(b) *Treatment of Public Assistance, SSI Benefits, Social Security Payments to a Child Due to a Parent's Death, Disability or Retirement and Foster Care Payments.*

(1) *Public Assistance and SSI Benefits.* Neither public assistance nor Supplemental Security Income (SSI) benefits shall be **[counted]included** as income for **[purposes of ]**determining support.

(2) **Child's** Social Security Derivative Benefits**[ for a Child]**.

11

**[(A)    This subdivision (A) shall be applied if a child for whom support is sought is receiving Social Security derivative benefits as a result of either parent's retirement or disability.**

**(i)    If a child for whom support is sought is receiving Social Security benefits as a result of a parent's retirement or disability, the amount of the benefit shall be added to the income of the party receiving the benefit on behalf of the child to calculate child support.  Next, apportion the amount of basic child support set forth in the schedule in Rule 1910.16-3 between the parties based upon each party's percentage share of their combined net monthly income, including the child's benefit in the income of the party receiving it.**

**(ii)    If the child's benefit is being paid to the obligee, the amount of the child's benefit shall be deducted from the basic support obligation of the party whose retirement or disability created the child's benefit. If the child's benefit is being paid to the obligor, the child's benefit shall not be deducted from the obligor's obligation, even if the obligor's retirement or disability created the child's benefit. In cases of equally shared custody, first determine which party has the higher income without the benefit, and thus is the obligor, before adding the child's benefit to the income of the party receiving it.**

**(iii)    In cases in which the obligor is receiving the child's benefits, the domestic relations sections shall provide the parties with two calculations theoretically assigning the benefit to each household.**

**(iv)    In allocating additional expenses pursuant to Rule 1910.16-6, the allocation shall be based upon the parties' incomes before the addition of the child's benefit to the income of the party receiving it.**

**(B)    This subdivision (B) shall be applied when determining the support obligation of a surviving parent when the child for whom support is sought is receiving Social Security derivative benefits as a result of the other parent's death. The income of**

12

**a non-parent obligee who is caring for a child but has no support obligation to that child shall include only those funds the obligee is receiving on behalf of the child, including the Social Security derivative benefits if they are being paid to the obligee. If the benefits are being paid to the surviving parent, the amount of the benefit shall be added to that parent's income to calculate child support.]**

**(i)     If a child is receiving Social Security derivative benefits due to a parent's retirement or disability:**

**(A)     The trier-of-fact shall determine the basic child support amount as follows:**

**(I)     add the child's benefit to the monthly net income of the party who receives the child's benefit;**

**(II)     calculate the parties' combined monthly net income, including the child's benefit;**

**(III)     determine the basic child support amount set forth in the Pa.R.C.P. No. 1910.16-3 schedule; and**

**(IV)     apportion the basic child support amount between the parties based on the party's percentage of the combined monthly net income.**

**(B)     If the obligee receives the child's benefit, the trier-of-fact shall deduct the child's benefit from the basic support obligation of the party whose retirement or disability created the child's benefit.**

**(C)     If the obligor receives the child's benefit, the trier-of-fact shall not deduct the child's benefit from the obligor's basic support obligation, even if the obligor's retirement or disability created the child's benefit.  To illustrate for the parties the impact of the obligor receiving the benefit instead of the obligee, the domestic relations section**

13

**shall provide the parties with two calculations theoretically assigning the benefit to each household.**

**(D)** **The trier-of-fact shall allocate the additional expenses in Pa.R.C.P. No. 1910.16-6 based on the parties' monthly net incomes without considering the child's benefit.**

**(E)** **In equally shared custody cases, the party with the higher monthly net income, excluding the child's benefit, is the obligor.**

**(ii)** **If a child is receiving Social Security derivative benefits due to a parent's death:**

**(A)** **The trier-of-fact shall determine the surviving parent's basic child support amount as follows:**

**(I)** **The non-parent obligee's monthly net income shall include only those funds the obligee is receiving on the child's behalf, including the Social Security derivative benefit.**

**(II)** **If the surviving-parent obligor receives the Social Security derivative benefit, the benefit shall be added to the parent's monthly net income to calculate child support.**

\* \* \*

(c)    *Monthly Net Income.*

(1)    Unless **[otherwise provided in]**these rules **provide otherwise**, the **[court]trier-of-fact** shall deduct only the following items from monthly gross income to arrive at **monthly** net income:

([A]**i**)  federal, state, and local income taxes;

([B]**ii**)  unemployment compensation taxes and Local Services

14

Taxes (LST);

([C]<u>iii</u>)        F.I.C.A. payments (Social Security, Medicare and Self-Employment taxes) and non-voluntary retirement payments;

([D]<u>iv</u>)        mandatory union dues; and

([E]<u>v</u>) alimony paid to the other party.

(2)      In computing a spousal support or alimony **[pendente lite]**_pendente lite_ obligation, the **[court]<u>trier-of-fact</u>** shall<u>:</u>

**(i)      deduct from the obligor's monthly net income [all of his or her child support obligations and any amounts of ]<u>child support,</u> spousal support, alimony [pendente lite]_pendente lite,_ or alimony <u>amounts</u> [being] paid to <u>children and</u> former spouses[.]<u>, who are not part of this action; and</u>**

**(ii)     <u>include in a party's monthly net income alimony _pendente lite_ or alimony received from a former spouse that was not included in the party's gross income, as provided in subdivision (a).</u>**

_**Note**_**:  <u>Since the reasons for ordering payment of alimony vary, the appropriateness of including it in the recipient's monthly net income must also vary. For example, if the obligor is paying $1,000 per month in alimony for the express purpose of financing the obligee's college education, it would be inappropriate to consider that alimony as income from which the obligee could provide child support. However, if alimony is intended to finance the obligee's general living expenses, inclusion of the alimony as income is appropriate.</u>**

* * *

(e)     _Net Income Affecting Application of the Support Guidelines._

(1)     _Low<u>-</u>Income Cases._

([A]<u>i</u>) If the obligor's monthly net income and corresponding number of children fall into the shaded area of the schedule set forth in Pa.R.C.P. No. 1910.16-3, the basic child support obligation shall be calculated initially by using the obligor's

15

**monthly net** income only. For example, if the obligor has monthly net income of $1,100, the presumptive **[amount of]** support **amount** for three children is $110 per month. This amount is determined directly from the schedule in Pa.R.C.P. No. 1910.16-3. Next, **[calculate ]**the obligor's child support obligation **is calculated** by using the parties' combined monthly net incomes and the **appropriate** formula in Pa.R.C.P. No. 1910.16-4. The lower of the two calculated amounts shall be the obligor's basic child support obligation.

\* \* \*

(**[B]ii**) In computing a basic spousal support or alimony *pendente lite* obligation, the presumptive **[amount of ]**support **amount** shall not reduce the obligor's monthly net income below the Self-Support Reserve of $981 per month.

*Example 2:* If the obligor earns $1,000 per month and the obligee earns $300 per month, the formula in **[Part IV of ]**Pa.R.C.P. No. 1910.16-4**(a)(1)(Part B)** would result in a support obligation of $**[280]213** per month (**[$1,000 - $300 = $700 x 40%]($1,000 x 33%) or $333 minus ($300 x 40%) or $120 for a total of $213**). Since this amount leaves the obligor with only $**[720]787** per month, it must be adjusted so that the obligor retains at least $981 per month. The presumptive minimum **[amount of ]**spousal support **amount**, therefore, is $19 per month in this case.

(**[C]iii**) **[When]If** the obligor's monthly net income is $981 or less, the **[court]trier-of-fact** may award support only after consideration of the parties' actual financial resources and living expenses.

(2) *High-Income Cases.* **[When]If** the parties' combined **monthly** net income exceeds $30,000 per month, **[calculation of ]**child support, spousal support**,** and alimony **[pendente lite]***pendente lite* **calculations** shall be pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-3.1.

**Note: See Hanrahan v. Bakker, 186 A.3d 958 (Pa. 2018)**

(f) **[*Dependency Tax Exemption*]*Child Tax Credit.*** In order to maximize the total income available to the parties and children, the **[court]trier-of-fact** may**[, as justice and fairness require, award the federal child dependency tax**

16

**exemption]award, as appropriate, the federal child tax credit** to the non-custodial parent, or to either parent in cases of equally shared custody, and order the other party to execute the waiver required by the Internal Revenue Code, 26 U.S.C.**[A.]** § 152(e). The tax consequences **[resulting from an award of the child dependency exemption]associated with the federal child tax credit** must be considered in calculating **[each]the** party's **monthly net** income available for support.

**[Explanatory Comment—2010**

**Subdivision (a) addresses gross income for purposes of calculating the support obligation by reference to the statutory definition at 23 Pa.C.S.A. § 4322. Subdivision (b) provides for the treatment of public assistance, SSI benefits, Social Security derivative benefits and foster care payments.**

**Subdivision (c) sets forth the exclusive list of the deductions that may be taken from gross income in arriving at a party's net income. When the cost of health insurance premiums is treated as an additional expense subject to allocation between the parties under Rule 1910.16-6, it is not deductible from gross income. However, part or all of the cost of health insurance premiums may be deducted from the obligor's gross income pursuant to Rule 1910.16-6(b) in cases in which the obligor is paying the premiums and the obligee has no income or minimal income. Subdivision (c) relates to awards of spousal support or alimony pendente lite when there are multiple families. In these cases, a party's net income must be reduced to account for his or her child support obligations, as well as any pre-existing spousal support, alimony pendente lite or alimony obligations being paid to former spouses who are not the subject of the support action.**

**Subdivision (d) has been amended to clarify the distinction between voluntary and involuntary changes in income and the imputing of earning capacity. Statutory provisions at 23 Pa.C.S.A. § 4322, as well as case law, are clear that a support obligation is based upon the ability of a party to pay, and that the concept of an earning capacity is intended to reflect a realistic, rather than a theoretical, ability to pay support. Amendments to subdivision (d) are intended to clarify when imposition of an earning capacity is appropriate.**

**Subdivision (e) has been amended to reflect the updated schedule in Rule 1910.16-3 and the increase in the Self-Support Reserve ("SSR"). The schedule now applies to all cases in which the parties' combined net monthly income is $30,000 or less. The upper income limit of the prior schedule was only $20,000. The amount of support at each income level of the schedule also has changed, so the examples in Rule 1910.16-2 were revised to be consistent with the new**

support amounts.

The SSR is intended to assure that obligors with low incomes retain sufficient income to meet their basic needs and to maintain the incentive to continue employment. When the obligor's net monthly income or earning capacity falls into the shaded area of the schedule, the basic child support obligation can be derived directly from the schedule in Rule 1910.16-3. There is no need to use the formula in Rule 1910.16-4 to calculate the obligor's support obligation because the SSR keeps the amount of the obligation the same regardless of the obligee's income. The obligee's income may be a relevant factor, however, in determining whether to deviate from the basic guideline obligation pursuant to Rule 1910.16-5 and in considering whether to require the obligor to contribute to any additional expenses under Rule 1910.16-6.

Since the schedule in Rule 1910.16-3 sets forth basic child support only, subdivision (e)(1)(B) is necessary to reflect the operation of the SSR in spousal support and alimony pendente lite cases. It adjusts the basic guideline obligation, which would otherwise be calculated under the formula in Rule 1910.16-4, so that the obligor's income does not fall below the SSR amount in these cases.

Previously, the SSR required that the obligor retain at least $748 per month. The SSR now requires that the obligor retain income of at least $867 per month, an amount equal to the 2008 federal poverty level for one person. When the obligor's monthly net income is less than $867, subsection (e)(1)(C) provides that the court must consider the parties' actual living expenses before awarding support. The guidelines assume that at this income level the obligor is barely able to meet basic personal needs. In these cases, therefore, entry of a minimal order may be appropriate. In some cases, it may not be appropriate to order support at all.

The schedule at Rule 1910.16-3 sets forth the presumptive amount of basic child support to be awarded. If the circumstances warrant, the court may deviate from that amount under Rule 1910.16-5 and may also consider a party's contribution to additional expenses, which are typically added to the basic amount of support under Rule 1910.16-6. If, for example, the obligor earns only $900 per month but is living with his or her parents, or has remarried and is living with a fully-employed spouse, the court may consider an upward deviation under Rule 1910.16-5(b)(3) and/or may order the party to contribute to the additional expenses under Rule 1910.16-6. Consistent with the goals of the SSR, however, the court should ensure that the overall support obligation leaves the obligor with sufficient income to meet basic personal needs and to maintain the incentive to continue working so that support can be paid.

18

Subdivision (e) also has been amended to eliminate the application of *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), in high income child support cases. In cases in which the parties' combined net monthly income exceeds $30,000, child support will be calculated in accordance with the three-step process in new rule 1910.16-3.1(a).

## Explanatory Comment—2013

The SSR has been increased to $931, the 2012 federal poverty level for one person. Subdivision (e) has been amended to require that when the obligor's income falls into the shaded area of the basic child support schedule in Rule 1910.16-3, two calculations must be performed. One calculation uses only the obligor's income and the other is a regular calculation using both parties' incomes, awarding the lower amount to the obligee. The two step process is intended to address those cases in which the obligor has minimal income and the obligee's income is substantially greater.

## Explanatory Comment—2015

The rule has been amended to provide that a party's support obligation will be reduced by the amount of a child's Social Security derivative benefit if that party's retirement or disability created the benefit and the benefit is being paid to the household in which the child primarily resides or the obligee in cases of equally shared custody. In most cases, payment of the benefit to the obligee's household will increase the resources available to the child and the parties. The rule is intended to encourage parties to direct that the child's benefits be paid to the obligee.]

## Explanatory Comment—2010

Subdivision (a) addresses gross income for purposes of calculating the support obligation by reference to the statutory definition at 23 Pa.C.S. § 4322. Subdivision (b) provides for the treatment of public assistance, SSI benefits, Social Security derivative benefits, and foster care payments.

Subdivision (c) sets forth the exclusive list of the deductions that may be taken from gross income in arriving at a party's net income. When the cost of health insurance premiums is treated as an additional expense subject to allocation between the parties under Pa.R.C.P. No. 1910.16-6, it is not deductible from gross income. However, part or all of the cost of health insurance premiums may be deducted from the obligor's gross income pursuant to Pa.R.C.P. No. 1910.16-6(b) in cases in which the obligor is paying the premiums and the obligee has no income or minimal income. Subdivision (c) relates to spousal support or alimony *pendente lite* awards when there are multiple families. In these cases, a party's monthly net income must be reduced to account for his or her child support obligations, as well as any pre-existing spousal support, alimony *pendente lite* or alimony obligations being paid to former spouses who are not the subject of the support action.

Subdivision (d) has been amended to clarify the distinction between voluntary and involuntary changes in income and the imputing of earning capacity. Statutory provisions at 23 Pa.C.S. § 4322, as well as case law, are clear that a support obligation is based upon the ability of a party to pay, and that the concept of an earning capacity is intended to reflect a realistic, rather than a theoretical, ability to pay support. Amendments to subdivision (d) are intended to clarify when imposition of an earning capacity is appropriate.

Subdivision (e) has been amended to reflect the updated schedule in Pa.R.C.P. No. 1910.16-3 and the increase in the Self-Support Reserve ("SSR"). The schedule now applies to all cases in which the parties' combined monthly net income is $30,000 or less. The upper income limit of the prior schedule was only $20,000. The support amount at each income level of the schedule also has changed, so the examples in Pa.R.C.P. No. 1910.16-2 were revised to be consistent with the new support amounts.

The SSR is intended to assure that obligors with low incomes retain sufficient income to meet their basic needs and to maintain the incentive to continue employment. When the obligor's monthly net income or earning capacity falls into the shaded area of the schedule, the basic child support obligation can be derived directly from the schedule in Pa.R.C.P. No. 1910.16-3.

**There is no need to use the formula in Pa.R.C.P. No. 1910.16-4 to calculate the obligor's support obligation because the SSR keeps the amount of the obligation the same regardless of the obligee's income. The obligee's income may be a relevant factor, however, in determining whether to deviate from the basic guideline obligation pursuant to Pa.R.C.P. No. 1910.16-5 and in considering whether to require the obligor to contribute to any additional expenses under Pa.R.C.P. No. 1910.16-6.**

**Since the schedule in Pa.R.C.P. No. 1910.16-3 sets forth basic child support only, subdivision (e)(1)(ii) is necessary to reflect the operation of the SSR in spousal support and alimony *pendente lite* cases. It adjusts the basic guideline obligation, which would otherwise be calculated under the formula in Pa.R.C.P. No. 1910.16-4, so that the obligor's income does not fall below the SSR amount in these cases.**

**Previously, the SSR required that the obligor retain at least $748 per month. The SSR now requires that the obligor retain income of at least $867 per month, an amount equal to the 2008 federal poverty level for one person. When the obligor's monthly net income is less than $867, subdivision (e)(1)(iii) provides that the trier-of-fact must consider the parties' actual living expenses before awarding support. The guidelines assume that at this income level the obligor is barely able to meet basic personal needs. In these cases, therefore, entry of a minimal order may be appropriate. In some cases, it may not be appropriate to order support at all.**

**The schedule at Pa.R.C.P. No. 1910.16-3 sets forth the presumptive amount of basic child support to be awarded. If the circumstances warrant, the trier-of-fact may deviate from that amount under Pa.R.C.P. No. 1910.16-5 and may also consider a party's contribution to additional expenses, which are typically added to the basic amount of support under Pa.R.C.P. No. 1910.16-6. If, for example, the obligor earns only $900 per month but is living with his or her parents, or has remarried and is living with a fully-employed spouse, the trier-of-fact may consider an upward deviation under Pa.R.C.P. No. 1910.16-5(b)(3) or may order the party to contribute to the additional expenses under Pa.R.C.P. No. 1910.16-6. Consistent with the goals of the SSR, however, the trier-of-fact should ensure that the overall support obligation leaves the obligor with sufficient income to meet basic personal needs and to maintain the incentive to continue working so that support can be paid.**

**Subdivision (e) also has been amended to eliminate the application of *Melzer v. Witsberger*, 480 A.2d 991 (Pa. 1984), in high-income child support cases. In cases in which the parties' combined net monthly income exceeds**

**$30,000, child support will be calculated in accordance with the three-step process in Pa.R.C.P. No. 1910.16-3.1(a).**

**Explanatory Comment—2013**

**The SSR has been increased to $931, the 2012 federal poverty level for one person. Subdivision (e) has been amended to require that when the obligor's income falls into the shaded area of the basic child support schedule in Pa.R.C.P. No. 1910.16-3, two calculations must be performed. One calculation uses only the obligor's income and the other is a regular calculation using both parties' incomes, awarding the lower amount to the obligee. The two-step process is intended to address those cases in which the obligor has minimal income and the obligee's income is substantially greater.**

**Explanatory Comment—2015**

**The rule has been amended to provide that a party's support obligation will be reduced by the child's Social Security derivative benefit amount if that party's retirement or disability created the benefit and the benefit is being paid to the household in which the child primarily resides or the obligee in cases of equally shared custody. In most cases, payment of the benefit to the obligee's household will increase the resources available to the child and the parties. The rule is intended to encourage parties to direct that the child's benefits be paid to the obligee.**

**Rule 1910.16-3. Support Guidelines. Basic Child Support Schedule.**

The following schedule represents the amounts spent on children of intact families by combined monthly net income and number of children. Combined monthly net income is on the **schedule's** vertical axis **[of the schedule]** and **the** number of children is on the **schedule's** horizontal axis **[of the schedule]**. This schedule **[is used to find]determines** the basic child support obligation. Unless **[otherwise provided in these rules]these rules provide otherwise**, the obligor's share of the basic support obligation shall be computed using **either** the formula set forth in **[Part I of ]** Pa.R.C.P. No. 1910.16-4**(a)(1)(Part C) or (2)(Part I)**.

* * *

**Rule 1910.16-3.1. Support Guidelines. High-Income Cases**

(a)    *Child Support Formula*. If the parties' combined monthly net income exceeds $30,000, the following three-step process shall be applied to calculate the parties' respective child support obligations. The **[amount of]** support **amount** calculated pursuant to this three-step process shall not be less than the **[amount of]** support **amount** that would have been awarded if the parties' combined monthly net income was $30,000. The calculated amount **[shall be]is** the presumptive minimum **[amount of]** support **amount**.

(1)    **[First, the]The** following formula shall be applied as a preliminary analysis in calculating the **[amount of]** basic child support **amount [to be]** apportioned between the parties according to their respective monthly net incomes:

One child: $2,839 + 8.6% of combined monthly net income above $30,000.

Two children: $3,902 + 11.8% of combined monthly net income above $30,000.

Three children: $4,365 + 12.9% of combined monthly net income above $30,000.

Four children: $4,824 + 14.6% of combined monthly net income above $30,000.

Five children: $5,306 + 16.1% of combined monthly net income above $30,000.

Six children: $5,768 + 17.5% of combined monthly net income above $30,000;

(2)    **[And second, the trier of fact]The trier-of-fact** shall apply **[Part II and Part III of the formula at Rule 1910.16-4(a), making any applicable adjustments]the formulas in Pa.R.C.P. No. 1910.16-4(a)(1)(Part D) and (Part E) or (2)(Part II) and (Part III), adjusting** for substantial or shared custody pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-4(c) and **[allocations of]allocating** additional expenses pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-6**, as appropriate**;

(3)    **[Then, third, the trier of fact]The trier-of-fact** shall consider the factors in **[Rule]Pa.R.C.P. No.** 1910.16-5 in making a final child support award and shall make findings of fact on the record or in writing.  After considering **[all of]** the factors in **[Rule]Pa.R.C.P. No.** 1910.16-5, the **[trier of fact]trier-of-fact** may adjust the amount calculated pursuant to subdivisions (1) and (2)**[ above upward or downward]**, subject to the presumptive minimum.

(b)    *Spousal Support and Alimony Pendente Lite*. In cases in which the parties' combined monthly net income exceeds $30,000, the **[trier of fact]trier-of-fact** shall

apply the formula in **[Part IV of Rule]either Pa.R.C.P. No.** 1910.16-4(a)**(1)(Part B) or (2)(Part IV)** as a preliminary analysis in calculating spousal support or alimony **[pendente lite]**_pendente lite_. In determining **[the amount and duration of]** the final spousal support or alimony **[pendente lite award]**_pendente lite_ **amount and duration**, the **[trier of fact]trier-of-fact** shall consider the factors in **[Rule]Pa.R.C.P. No.** 1910.16-5 and shall make findings of fact on the record or in writing.

**[Explanatory Comment — 2010**

New Rule 1910.16-3.1 is intended to bring all child support cases under the guidelines and treat similarly situated parties similarly. Thus, high income child support cases no longer will be decided pursuant to _Melzer v. Witsberger_, 505 Pa. 462, 480 A.2d 991 (1984). Economic data support the amounts in the basic child support schedule up to combined net incomes of $30,000 per month. Above that amount, economic data are not readily available. Thus, for cases in which the parties' combined net monthly income is above $30,000, the formula first applies a fixed percentage to calculate the amount of support. The formula is an extrapolation of the available economic data to higher income cases. Spousal support and alimony pendente lite awards in high income cases are preliminarily calculated pursuant to the formula in Part IV of Rule 1910.16-4(a). However, in both high income child support and spousal support/alimony pendente lite cases, the trier of fact is required to consider the factors in Rule 1910.16-5 before entering a final order and to make findings of fact on the record or in writing. Pursuant to Rule 1910.11(c)(2), in all high income cases, the parties must submit an Income Statement and the Expense Statement at Rule 1910.27(c)(2)(B) to enable the trier of fact to consider the factors in Rule 1910.16-5.

**Explanatory Comment — 2011**

The rule has been amended to clarify that the provisions of Rule 1910.16-4(c), regarding adjustments to support when the obligor has substantial or shared custody, apply in high income cases. Previously, when high income cases were decided pursuant to _Melzer v. Witsberger_, 505 Pa. 462, 480 A.2d 991 (1984), case law held that because the time and resources each parent provided to a child were factored into the _Melzer_ formula, the reductions for substantial or shared parenting time did not apply to cases decided pursuant to _Melzer_. _See, e.g., Sirio v. Sirio_, 951 A.2d 1188 (Pa. Super. 2008), _Bulgarelli v. Bulgarelli_, 934 A.2d 107 (Pa. Super. 2007). As _Melzer_ no longer applies to calculate support in high income cases, the prohibition against reductions for substantial or shared parenting time in such cases is no longer applicable.]

## Explanatory Comment — 2010

**Pa.R.C.P. No. 1910.16-3.1 is intended to bring all child support cases under the guidelines and treat similarly situated parties similarly. Thus, high-income child support cases no longer will be decided pursuant to *Melzer v. Witsberger*, 480 A.2d 991 (Pa. 1984). Economic data support the basic child support schedule up to combined net incomes of $30,000 per month. Above that amount, economic data are not readily available. Thus, for cases in which the parties' combined monthly net income is above $30,000, the formula first applies a fixed percentage to calculate the support amount. The formula is an extrapolation of the available economic data to high-income cases. Spousal support and alimony *pendente lite* awards in high-income cases are preliminarily calculated pursuant to the formulas in either Pa.R.C.P. No. 1910.16-4(a)(1)(Part B) or (2)(Part IV). However, in both high-income child support and spousal support and high-income child support and alimony *pendente lite* cases, the trier-of-fact is required to consider the factors in Pa.R.C.P. No. 1910.16-5 before entering a final order and to make findings of fact on the record or in writing. Pursuant to Pa.R.C.P. No. 1910.11(c)(2), in all high-income cases, the parties must submit an Income Statement and the Expense Statement at Pa.R.C.P. No. 1910.27(c)(2)(B) to enable the trier-of-fact to consider the factors in Pa.R.C.P. No. 1910.16-5.**

## Explanatory Comment — 2011

**The rule has been amended to clarify that the provisions of Pa.R.C.P. No. 1910.16-4(c), regarding support adjustments if the obligor has substantial or shared custody, apply in high-income cases. Previously, when high-income cases were decided pursuant to *Melzer v. Witsberger*, 480 A.2d 991 (Pa. 1984), case law held that because the time and resources each parent provided to a child were factored into the *Melzer* formula, the substantial or shared parenting time reductions did not apply to cases decided pursuant to *Melzer*. See, e.g., Sirio v. Sirio*, 951 A.2d 1188 (Pa. Super. 2008); *Bulgarelli v. Bulgarelli*, 934 A.2d 107 (Pa. Super. 2007). As *Melzer* no longer applies to calculate support in high-income cases, the prohibition against substantial or shared parenting time reductions in such cases is no longer applicable.**

**Rule 1910.16-4. Support Guidelines. Calculation of Support Obligation, Formula**

(a)      The **[following formula shall be used]trier-of-fact shall use either the subdivision (1) or subdivision (2) formula** to calculate the obligor's share of basic child support, either from the schedule in **[Rule]Pa.R.C.P. No.** 1910.16-3 or the formula in **[Rule]Pa.R.C.P. No.** 1910.16-3.1(a), as well as spousal support and alimony **[pendente lite]***pendente lite* obligations. In high-income cases, **[Part IV shall be used]the trier-of-fact shall use either the subdivision (1)(Part B) or subdivision (2)(Part IV) formula, as appropriate,** as a preliminary analysis in the calculation of spousal support or alimony **[pendente lite]***pendente lite* obligations**[:]**.

**— The following rule text is being added —**

(1)      The formula in Parts A through E is for an order entered on or after January 1, 2019, or for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Section 11051 of the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) expressly apply.

*Note*:  Section 11051 of the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) amended the Internal Revenue Code by repealing the alimony deduction — the amount of spousal support, alimony *pendente lite*, and alimony paid or received — from the payor's gross income and the alimony inclusion into the payee's gross income.

*See* subdivision (2) for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) do not apply to the modification.

*PART A. CALCULATION OF MONTHLY NET INCOME*

|  |  | OBLIGOR | OBLIGEE |
|---|---|---|---|
| 1. | Total Gross Income per pay period (*See* Pa.R.C.P. No. 1910.16-2(a)) | _____ | _____ |
| 2. | Deductions (*See* Pa.R.C.P. No. 1910.16-2(c)) | (_____) | (_____) |
| 3. | Net Income | _____ | _____ |

(line 1 minus line 2)

4.  Conversion to Monthly Net Income
    (if pay period is other than monthly)     _____     _____

*PART B. SPOUSAL SUPPORT OR ALIMONY PENDENTE LITE*

|  |  | *Without Dependent Children* | *With Dependent Children* |
|---|---|---|---|
| 5. | Obligor's Monthly Net Income (line 4) | _____ | _____ |
| 6. | Obligor's child support, spousal support, alimony *pendente lite* or alimony obligations to children or former spouses who are not part of this action, if any. (*See* Pa.R.C.P. No. 1910.16-2(c)(2)) | (_____) | (_____) |
| 7. | Obligor's Net Income available for spousal support or alimony *pendente lite* (line 5 minus line 6) | _____ | _____ |
| 8. | Obligor's Net Income percentage for spousal support or alimony *pendente lite* | x       33% | x       25% |
| 9. | Obligor's proportionate share of spousal support or alimony *pendente lite* (line 7 multiplied by line 8) | _____ | _____ |
| 10. | Obligee's Monthly Net Income (line 4) | _____ | _____ |
| 11. | Obligee's Net Income percentage for spousal support or alimony *pendente lite* | x       40% | x       30% |

28

12. Obligee's proportionate share of
spousal support or alimony
*pendente lite*
(line 10 multiplied by line 11)                    _____                    _____

13. Preliminary Monthly Spousal Support or
Alimony *Pendente Lite* amount
(line 9 minus line 12 - if the result is
less than zero, enter a zero on line 13)           _____

14. Adjustments for Part E Additional Expenses
(*See* Pa.R.C.P. No. 1910.16-6)                    _____

15. Total Monthly Spousal Support
or Alimony *Pendente Lite* Amount
(line 13 plus or minus line 14, as
appropriate)                                       _____


*PART C - BASIC CHILD SUPPORT*

|  | OBLIGOR | OBLIGEE |
|---|---|---|
| 16. Monthly Net Income (line 4 and add the child's monthly Social Security Disability or Retirement Derivative benefit amount, if any, to the Monthly Net Income of the party receiving the benefit pursuant to Pa.R.C.P. No. 1910.16-2(b)(2)(i) or (ii). | _____ | _____ |
| 17. Preliminary Monthly Spousal Support or Alimony *Pendente Lite* amount, if any. (line 13) | ( _____ ) | + _____ |
| 18. Adjusted Monthly Net Income (for obligor, line 16 minus line 17; for obligee, line 16 plus line 17) | _____ | _____ |

29

19. Combined Monthly Net Income
(obligor's line 18 plus obligee's line 18)
_____

20. Basic Child Support Obligation
(determined from child support schedules
in Pa.R.C.P. No. 1910.16-3 based on the
number of children and line 19)
_____

21. Net Income expressed as a
percentage of Combined
Monthly Net Income
(line 18 divided by line 19
and multiplied by 100)
_____ %          _____ %

22. Preliminary Monthly Basic Child
Support Obligation
(line 20 multiplied by line 21)
_____          _____

23. Child's Social Security Derivative
Disability or Retirement Benefit.
(if the benefits are paid to the obligee,
enter the benefit amount on the line for
the party whose retirement or disability
created the child's benefit pursuant to
Pa.R.C.P. No. 1910.16-2(b))
_____          _____

24. Adjusted Monthly Basic Child
Support Obligation
(line 22 minus line 23 - if the result is
less than zero, enter a zero on line 24)
_____          _____

*PART D.  SUBSTANTIAL OR SHARED PHYSICAL CUSTODY ADJUSTMENT, IF APPLICABLE* (*See* subdivision (c))

25. a. Percentage of time obligor spends
with children (divide number of overnights
with the obligor by 365 and multiply by 100)
_____ %

b. Subtract 30%
(_____ 30%)

c. Difference
_____ %

30

(line 25a minus line 25b)

d. Obligor's Adjusted Percentage Share       _____ %
of the Basic Monthly Support Obligation
(line 21 minus line 25c)

e. Obligor's Preliminary Adjusted       _____
Basic Monthly Support Obligation
(line 20 multiplied by line 25d)

f. Further adjustment, if necessary under       _____
subdivision (c)(2)

g. Obligor's Adjusted Basic Child       _____
Support Amount


PART E. ADDITIONAL EXPENSES (See Pa.R.C.P. No. 1910.16-6)

26. a. Obligor's Share of Child Care Expenses       _____

b. Obligor's Share of Health Insurance
Premium (if the obligee is paying the premium) _____

c. Obligee's Share of the Health Insurance       (_____)
Premium (if the obligor is paying the premium)

d. Obligor's Share of Unreimbursed Medical       _____
Expenses

e. Other Additional Expenses       _____

f. Total Additional Expenses       _____
(add lines 26a, b, d, and e, then subtract
line 26c)

27. Obligor's Total Monthly Support Obligation       _____
(line 24 or 25g plus line 26f, if applicable)


(2) The formula in Parts I through IV is for a modification of an order
entered before January 1, 2019 that includes spousal support or

31

alimony *pendente lite*.

*Note*: *See* subdivision (1) for an order entered on or after January 1, 2019, or for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) expressly apply to the modification.

**— The preceding rule text is being added —**

*PART I. BASIC CHILD SUPPORT*

|  |  | OBLIGOR | OBLIGEE |
|---|---|---|---|
| 1. | Total Gross Income Per Pay Period **(*See* Pa.R.C.P. No. 1910.16-2(a))** | _____ | _____ |
| 2. | **[Less ]**Deductions **(*See* Pa.R.C.P. No. 1910.16-2(c))** | (_____) | (_____) |
| 3. | Net Income **(line 1 minus line 2)** | _____ | _____ |
| 4. | Conversion to Monthly Amount (if pay period is other than monthly) Include **[amount of]the** child's monthly Social Security derivative benefit **amount**, if any, in the **[income of the party receiving it]monthly net income of the party receiving the benefit** pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-2(b)(2)(**[A]i**) or (**[B]ii**). | _____ | _____ |
| 5. | Combined Total Monthly Net Income **(obligor's line 4 plus obligee's line 4)** | _____ |  |
| 6. | **[BASIC CHILD SUPPORT OBLIGATION] Basic Child Support Obligation** (determined from schedule at **[Rule]Pa.R.C.P. No.** 1910.16-3 based on number of children and line 5 **[combined monthly net income]**) | _____ |  |

7.  Net Income Expressed as a Percentage
    Share of Income (divide line 4 by line
    5 and multiply by 100)                                    _____%        _____%

8.  Each Party's Preliminary Monthly Share
    of the Basic Child Support Obligation
    (multiply line 6 and 7)                                   _____        _____

9.  **[Subtract ]**Child's Social Security Derivative
    Disability or Retirement Benefit**[ from the
    Monthly Share of Basic Child Support
    of the Party whose Retirement or Disability
    Created the Child's Benefits if the Benefits
    are Paid to the Obligee]**
    **(if the benefits are paid to the obligee, enter
    the benefit amount on the line for the party
    whose retirement or disability created the
    child's benefit)**                                        _____        _____

10. Each Party's Adjusted Monthly Share of
    the Basic Child Support Obligation **[(Not less
    than 0)](line 8 minus line 9 - if the result is
    less than zero, enter a zero on line 10)**                _____        _____


*PART II.  SUBSTANTIAL OR SHARED PHYSICAL CUSTODY ADJUSTMENT, IF
APPLICABLE* (**[See]**_See_ subdivision (c)**[ of this rule]**)

11. a.  Percentage of Time Obligor Spends
        with Children (divide number of overnights
        with the obligor by 365 and multiply by 100)              _____**%**

    b.  Subtract 30%                                            (_____%)

    c.  Obligor's Adjusted Percentage Share
        of the Basic Monthly Support Obligation
        (subtract result of calculation in line 11b
        from line 7)                                              _____**%**

33

d.     Obligor's Preliminary Adjusted Share of
the Basic Monthly Support Obligation
(multiply line 11c and line 6)       _____

e.     Further adjustment, if necessary under
subdivision (c)(2)**[ of this rule]**       _____

f.     Obligor's Adjusted Share of the Basic
Child Support Amount
**(Total of line 11d and line 11e)**       _____

*PART III.   ADDITIONAL EXPENSES (***[see* Rule]*See* Pa.R.C.P. No.** 1910.16-6)*

12.   a.     Obligor's Share of Child Care Expenses       _____

      b.     Obligor's Share of Health Insurance
Premium (if the obligee is paying the premium)       _____

      c.     **[Less ]**Obligee's Share of the Health Insurance
Premium (if the obligor is paying the premium)       (_____)

      d.     Obligor's Share of Unreimbursed Medical
Expenses       _____

      e.     Other Additional Expenses       _____

      f.     Total Additional Expenses
**(add lines 12a, b, d, and e, then subtract line 12c)**       _____

13.   Obligor's Total Monthly Support Obligation       _____
(add line 10 or 11f**[, if applicable,]** and line 12f, **if applicable**)

*PART IV. SPOUSAL SUPPORT OR APL with dependent children*

14.   Obligor's Monthly Net Income (line 4)       _____

15.   **[Less ]**Obligor's Support, Alimony **[Pendente
Lite]***Pendente Lite* or Alimony Obligations,
**[if any, ]**to Children or Former Spouses who
are not part of this action, if any (**[see Rule]**
*See* **Pa.R.C.P. No.** 1910.16-2(c)(2))       (_____)

16.  **[Less ]**Obligee's Monthly Net Income (line 4)                    (＿＿＿＿＿)

17.  Difference
     **(line 14 minus lines 15 and 16)**                                ＿＿＿＿＿

18.  **[Less ]**Obligor's Total Monthly Child
     Support Obligation **[Without]**without Part II Substantial
     or Shared Custody Adjustment, if any
     (Obligor's line 10 plus line 12f)                                  (＿＿＿＿＿)

19.  Difference
     **(line 17 minus line 18)**                                        ＿＿＿＿＿

20.  Multiply by 30%                                          x        **[.]**30**%**

21.  **[AMOUNT OF MONTHLY SPOUSAL SUPPORT
     or APL]Monthly Spousal Support or APL Amount
     (line 19 multiplied by line 20)**                                  ＿＿＿＿＿

*Without Dependent Children*

22.  Obligor's Monthly Net Income (line 4)                              ＿＿＿＿＿

23.  **[Less ]**Obligor's Support, Alimony **[Pendente
     Lite]***Pendente Lite* or Alimony Obligations**[, if any,]**
     to Children or Former Spouses who are not part of
     this action, **if any** (**[see Rule]Pa.R.C.P. No.**
     1910.16-2(c)(2))                                                   (＿＿＿＿＿)

24.  **[Less ]**Obligee's Monthly Net Income (line 4)                    (＿＿＿＿＿)

25.  Difference
     **(line 22 minus lines 23 and 24)**                                ＿＿＿＿＿

26.  Multiply by 40%                                          x        **[.]**40**%**

27.  **[PRELIMINARY AMOUNT OF MONTHLY SPOUSAL
     SUPPORT OR APL]**
     **Preliminary Monthly Spousal Support
     or APL amount
     (line 25 multiplied by line 26)**                                  ＿＿＿＿＿

28.     Adjustments for Other Expenses (**[see Rule]**
        *See* **Pa.R.C.P. No.** 1910.16-6)                                 _____
        **(line 12f)**

29.     **[TOTAL AMOUNT OF MONTHLY SPOUSAL
        SUPPORT OR APL]**
        **Total Monthly Spousal Support or**
        **APL amount**                                                     _____
        **(line 27 plus or minus line 28, as appropriate)**

                                        * * *

        (e)     *Support Obligations When Custodial Parent Owes Spousal Support.*
**[Where]If** children are residing with the spouse **(custodial parent)** obligated to pay
spousal support or alimony **[pendente lite (custodial parent)]***pendente lite* and the
other spouse (non-custodial parent) has a legal obligation to support the children, the
guideline **[amount of]** spousal support or alimony **[pendente lite shall be]***pendente
lite* **amount is** determined by offsetting the non-custodial parent's **child support
amount [obligation for support of the children]** and the custodial parent's
**[obligation of ]**spousal support or alimony **[pendente lite]***pendente lite* **amount**, and
awarding the net difference either to the non-custodial parent as spousal
support/alimony **[pendente lite]***pendente lite* or to the custodial parent as child support
as the circumstances warrant.  **The calculation is a five-step process:**

        **[The calculation is a five-step process.  First, determine the spousal
support obligation of the custodial parent to the non-custodial parent based upon
their net incomes from the formula for spousal support without dependent
children.  Second, recalculate the net income of the parties assuming the
payment of the spousal support. Third, determine the child support obligation of
the non-custodial parent for the children who are the subjects of the support
action. Fourth, determine the recomputed support obligation of the custodial
parent to the non-custodial parent by subtracting the non-custodial parent's child
support obligation from Step 3 from the original support obligation determined in
Step 1.  Fifth, because the first step creates additional tax liability for the recipient
non-custodial parent and additional tax deductions for the payor custodial parent
and the third step involves an offset of the child support owed by the non-
custodial parent against the spousal support or alimony pendente lite owed by
the custodial parent, only that reduced amount will be taxable.  Therefore, upon
application of either party, the trier of fact may consider as a deviation factor the
ultimate tax effect of the calculation.]**

                **(1)     Calculate the custodial parent's spousal support or alimony**

*pendente lite* obligation to the non-custodial parent based on the parties' monthly net incomes using the "without dependent children" formula in either Pa.R.C.P. No. 1910.16-4(a)(1)(Part B) or (2)(Part IV), as appropriate.

(2)     Recalculate the parties' monthly net incomes by adjusting for the spousal support or alimony *pendente lite* payment paid or received in (1).

(3)     Using the recomputed monthly net incomes from (2), calculate the non-custodial parent's child support obligation to the custodial parent.

(4)     The final support amount is the difference calculated in (1) and (3).

(i)     If the amount in (1) is greater than the amount in (3), the final amount is spousal support or alimony *pendente lite* payable to the non-custodial parent.

(ii)     If the amount in (1) is less than the amount in (3), the final amount is child support payable to the custodial parent.

(5)     If the proceeding is a modification of an order entered before January 1, 2019 that has federal tax consequences associated with spousal support or alimony *pendente lite* payments and the final order is spousal support or alimony *pendente lite* as in (4)(i), the offset spousal support or alimony *pendente lite* amount is federally taxable, and the trier-of-fact may deviate the final order due to the tax effect, as appropriate.

*Note: See* Pa.R.C.P. No. 1910.16-4.

[(f)  *Allocation. Consequences.*

(1)     An order awarding child support and spousal support or child support and alimony *pendente lite* may be unallocated or may state the amount of support allocable to the spouse and the amount allocable to each child.  The order shall clearly state whether it is allocated or unallocated even if the amounts calculated for child support and spousal support or child support and alimony *pendente lite* are delineated in the order.  However, Part IV of the formula

provided by these rules assumes that an order will be unallocated. Therefore, if the order is allocated, the formula set forth in this rule shall be utilized to determine the amount of support allocable to the spouse. If the allocation of an order utilizing the formula would be inequitable, the court shall make an appropriate adjustment.  Also, if an order is allocated, an adjustment shall be made to the award giving consideration to the federal income tax consequences of an allocated order as may be appropriate under the circumstances.  The federal income tax consequences shall not be considered if the order is unallocated or the order is for spousal support or alimony *pendente lite* only.

*Note:* The 2005 amendment supersedes *Diament v. Diament*, 816 A.2d 256 (Pa. Super. 2003), to the extent that it held that the tax savings from payments for the benefit of a spouse alone or from an unallocated order for the benefit of a spouse and child must be considered in determining the obligor's available net income for support purposes. Pa.R.C.P. No. 1910.16-4(f)(1) states that the guidelines formula assumes that the order will be unallocated. The tax consequences of an order for a spouse alone or an unallocated order for the benefit of a spouse and child have already been built into the formula.

(2)     When the parties are in higher income brackets, the income tax considerations are likely to be a more significant factor in determining an award of support.  A support award for a spouse and children is taxable to the obligee while an award for the children only is not.  Consequently, in certain situations, an award only for the children will be more favorable to the obligee than an award to the spouse and children.  In this situation, the trier of fact should utilize the method that results in the greatest benefit to the obligee.

If the obligee's net income is equal to or greater than the obligor's net income, the guideline amount for spouse and children is identical to the guideline amount for children only.  Therefore, in cases involving support for spouse and children, whenever the obligee's net income is equal to or greater than the obligor's net income, the guideline amount indicated shall be attributed to child support only.

(3)     Unallocated charging orders for child support and spousal support or child support and alimony *pendente lite* shall terminate upon the death of the obligee.

(4)     In the event that the obligor defaults on an unallocated order, the court shall allocate the order for collection of child support pursuant to the Internal Revenue Service income tax refund intercept program or for registration and enforcement of the order in another jurisdiction under the Uniform Interstate

38

Family Support Act, 23 Pa.C.S. §§ 7101 *et seq.* The court shall provide notice of allocation to the parties.

*Note:* This provision is necessary to comply with various state and federal laws relating to the enforcement of child support. It is not intended to affect the tax consequences of an unallocated order.]

**Explanatory Comment - 2005**

* * *

[Subdivision (f) states that the guidelines continue to presume that the order will be unallocated for tax purposes. However, language has been added to subdivision (f)(1), and a new Note has been inserted, to clarify that an obligor's tax savings from payment of a spousal support order or an unallocated order for a spouse and child should not be considered in calculating the obligor's available net income for support purposes. Subdivision (3) is intended to ensure alimony tax treatment of unallocated orders pursuant to § 71 of the Internal Revenue Code. Pa.R.C.P. No. 1910.19(d) provides that all spousal support and alimony *pendente lite* orders terminate upon the death of the obligee. Termination of a charging order does not affect arrears existing at that time. Subdivision (4) provides for administrative allocation of the order in two instances: 1) when the obligor defaults on the order and it becomes necessary to collect support by intercepting any income tax refunds that may be due and payable to obligor; and 2) when the obligor defaults and the order must be registered in another state under the Uniform Interstate Family Support Act (UIFSA). As the Note indicates, this administrative allocation is not intended to affect the tax consequences of the unallocated order.]

* * *

[**Explanatory Comment—2018**

The allocation of a support order is of great significance to the parties. The issue of allocation may arise in a support action if child support and spousal support or child support and alimony *pendente lite* are sought. The decision to allocate a support order will determine the party that pays the federal income tax, which affects the actual money available to the beneficiary of the order.

Allocation of a support order may not be appropriate in all cases. Rather, the decision to allocate must be based upon the facts of the particular case. Subdivision (f) makes clear that the court has the authority to allocate the order and that the decision rests in the discretion of the court. The court or the parties may raise the question of allocation.]

**Rule 1910.16-6. Support Guidelines. [Adjustments to the ]Basic Support Obligation Adjustments. [Allocation of ]Additional Expenses Allocation**

The **[trier of fact]trier-of-fact** may allocate between the parties the additional expenses **[identified]** in subdivisions (a) - (e).  **[If under the facts of the case an order for basic support is not appropriate, the trier of fact]If a basic support order is inappropriate under the facts of the case, the trier-of-fact** may allocate between the parties the additional expenses.

**Except for the subdivisions (b)(4) and (e) expenses, the trier-of-fact shall calculate the parties' proportionate share of the additional expenses after adjusting the parties' monthly net income by the monthly spousal support or alimony *pendente lite* amount received or paid, and then dividing each party's adjusted monthly net income by the parties' combined monthly net income. However, the trier-of-fact shall not adjust the parties' monthly net incomes when apportioning the expenses in child support only cases.**

(a)    *Child care expenses.* **[Reasonable]The trier-of-fact shall allocate reasonable** child care expenses paid by the parties, if necessary to maintain employment or appropriate education in pursuit of income**[, shall be allocated between the parties in proportion to their monthly net incomes]**. The **[court]trier-of-fact** may order that the obligor's share is added to his or her basic support obligation, paid directly to the service provider, or paid directly to the obligee.  When a party is receiving a child care subsidy through the Department of Human Services, the **[expenses to be]expense** allocated between the parties **[shall be]is** the amount actually paid by the party receiving the subsidy.

*Example.* Mother has primary custody of the parties' two children and Father has partial custody. Mother's monthly net income is $2,000 and Father's is $3,500. At their combined income level of $5,500, the basic monthly child support from the schedule in Pa.R.C.P. No. 1910.16-3 is $1,463 for two children. As Father's income is 64% of the parties' combined **monthly net** income, his share is $936. Mother incurs child care expenses of $400 per month and Father incurs $100 of such expenses **[each]per** month. The total **[amount of]** child care expenses, $500, will be apportioned between the parties**,** with Father paying 64%, or $320. As **[he]Father** is already paying $100 for child care while the children are in his partial custody, he would pay the remaining $220 to Mother for a total child support obligation of $1,156 ($936 + $220 = $1,156).

* * *

(b)  *Health Insurance Premiums.*

**[(1)** A party's payment of a premium to provide health insurance coverage on behalf of the other party and/or the children shall be allocated between the parties in proportion to their net incomes, including the portion of the premium attributable to the party who is paying it, as long as a statutory duty of support is owed to the party who is paying the premium. If there is no statutory duty of support owed to the party who is paying the premium, the portion attributable to that person must be deducted from the premium as set forth in subdivision (2) below. If, prior to the entry of a divorce decree, a party's policy covers that party, a child, and a spouse and the spouse has separate additional coverage not needed to cover the child and/or the other party, the cost of the spouse's insurance premium shall not be allocated between the parties. If, prior to the entry of a divorce decree, a party provides coverage for that party and a child, but not the spouse, and the spouse has separate coverage, both parties' premiums shall be allocated between the parties in proportion to their respective incomes. If, prior to the entry of a divorce decree, each spouse has his or her own health insurance that does not cover the other party, and there are no children subject to the order, the cost of both parties' premiums shall be allocated between the parties in proportion to their respective incomes. If health insurance coverage for a child who is the subject of the support proceeding is being provided and paid for by a third party resident of either party's household, the cost shall be allocated between the parties in proportion to their net incomes. If the obligor is paying the premium, then the obligee's share is deducted from the obligor's basic support obligation. If the obligee is paying the premium, then the obligor's share is added to his or her basic support obligation. Employer-paid premiums are not subject to allocation.

**(2)** When the health insurance covers a party to whom no statutory duty of support is owed, even if that person is paying the premium as set forth in subdivision (1) above, or other persons who are not parties to the support action or children who are not the subjects of the support action, the portion of the premium attributable to them must be excluded from allocation. In the event that evidence as to this portion is not submitted by either party, it shall be calculated as follows. First, determine the cost per person by dividing the total cost of the premium by the number of persons covered under the policy. Second, multiply the cost per person by the number of persons who are not owed a statutory duty of support, or are not parties to, or the subject of the support action. The resulting amount is excluded from allocation.

**(2.1)** The actual incremental amount of the premium which provides coverage for the subjects of the support order, if submitted by either party, shall be used in determining the amount of the premium to be allocated between the parties. If not submitted by either party, then the amount of the premium shall be

**divided by the number of persons covered to calculate the portion of the premium that provides coverage to each person.]**

**(1)     The trier-of-fact shall allocate the health insurance premiums paid by the parties, including the premium attributable to the party paying the premium, provided that a statutory duty of support is owed to the party or child covered by the health insurance.**

**(i)     If the party paying the health insurance premium is the obligor, the obligee's share is deducted from the obligor's basic support amount.**

**(ii)     If the obligee is paying the health insurance premium, the obligor's share is added to his or her basic support amount.**

**iii)     An allocation of health insurance premiums between the parties shall also include health insurance that is provided and paid by a third-party resident of either party's household (e.g., step-parent) for a child who is the subject of the support order.**

**(2)     The trier-of-fact shall not allocate employer-paid premiums or premiums paid for a party, person, or child to whom no statutory duty of support is owed.**

**(i)     If the parties present evidence of the excluded premium's actual amount — the amount attributed to a party, person, or child not owed a statutory duty of support — the trier-of-fact shall deduct the actual amount excluded from the total premium before allocating the health insurance premium between the parties.**

**(ii)     If the parties do not present evidence of the excluded premium's actual amount, the trier-of-fact shall calculate the excluded amount as follows:**

**(A)     determine the premium's cost per person by dividing the total premium by the number of persons covered under the policy;**

43

**(B)     multiply the cost per person by the number of persons who are not owed a statutory duty of support, or are not parties to, or the subject of, the support action; and**

**(C)     the resulting amount is excluded from allocation.**

* * *

*Example 3.* The parties are divorced and Mother is the obligee of a child support order. Father, the obligor, pays $200 per month toward the cost of a health insurance policy provided by his employer that covers himself and the parties' child. Mother pays $400 per month for her employer-sponsored health insurance that covers only herself. The amount of the premium Father pays to cover the parties' child, $100 ($200 premium divided between two covered persons, Father and the child), will be allocated between the parties in proportion to their respective incomes. The portion of the premium that covers Father will not be allocated because the parties are no longer married and he is not owed a duty of support by Mother. The premium Mother pays to provide her own coverage will not be allocated because the parties are no longer married and she is not owed a duty of support by Father.

* * *

(c)     *Unreimbursed Medical Expenses.* **[Unreimbursed]The trier-of-fact shall allocate the obligee's or children's unreimbursed** medical expenses**[ of the obligee or the children shall be allocated between the parties in proportion to their respective net incomes**. **Notwithstanding the prior sentence, there shall be no apportionment of]However, the trier-of-fact shall not allocate** unreimbursed medical expenses incurred by a party who is not owed a statutory duty of support by the other party. The **[court]trier-of-fact** may **[direct]order** that the obligor's **expense** share **[be]is** added to his or her basic support obligation, **[or paid directly to the obligee or ]paid directly** to the health care provider**, or paid directly to the obligee**.

* * *

**[(5)     In cases involving only spousal support or alimony pendente lite, the parties' respective net incomes for purposes of allocating unreimbursed medical expenses shall be calculated after the amount of spousal support or alimony pendente lite is deducted from the obligor's income and added to the obligee's income.]**

44

(d)  *Private School Tuition. Summer Camp. Other Needs.*  Expenditures for needs outside the scope of typical child-rearing expenses, e.g., private school tuition, summer camps, have not been factored into the Basic Child Support Schedule.

     (1)    If a party incurs an expense for a need not factored into the Basic Child Support Schedule and the **[court]trier-of-fact** determines the need and expense are reasonable, the **[court]trier-of-fact** shall allocate the expense **[between the parties in proportion to the parties' monthly net incomes]**. The **[court]trier-of-fact** may order that the obligor's **expense** share is added to his or her basic support obligation, paid directly to the service provider, or paid directly to the obligee.

(e)  *Mortgage Payment***.**  The guidelines assume that the spouse occupying the marital residence will be solely responsible for the mortgage payment, real estate taxes, and homeowners' insurance. Similarly, the **[court]trier-of-fact** will assume that the party occupying the marital residence will be paying the items listed unless the recommendation specifically provides otherwise.

     **(1)**    If the obligee is living in the marital residence and the mortgage payment exceeds 25% of the obligee's **monthly** net income (including amounts of spousal support, alimony **[pendente lite]***pendente lite,* and child support), the **[court]trier-of-fact** may direct the obligor to assume up to 50% of the excess amount as part of the total support **[award]amount**.

     **(2)**    If the obligor is occupying the marital residence and the mortgage payment exceeds 25% of the obligor's monthly net income (less any amount of spousal support, alimony **[pendente lite or]***pendente lite,* **and** child support the obligor is paying), the **[court]trier-of-fact** may **[make an appropriate downward adjustment in]downwardly adjust** the obligor's support **[obligation]amount**.

     **(3)**    This rule shall not be applied after a final resolution of **[all]the** outstanding economic claims **in the parties' divorce action**.

     **(4)**    For purposes of this subdivision, the term "mortgage" shall include

first mortgages, real estate taxes, and homeowners' insurance and may include **[any]** subsequent mortgages, home equity loans, and **[any]** other <u>marital</u> obligations **[incurred during the marriage which are]** secured by the marital residence.

**[EXPLANATORY COMMENT — 2004**

Subdivision (a), relating to the federal child care tax credit, has been amended to reflect recent amendments to the Internal Revenue Code. 26 U.S.C.A. 21. By referring to the tax code in general, rather than incorporating current code provisions in the rule, any further amendments will be incorporated into the support calculation.

**EXPLANATORY COMMENT — 2005**

Rule 1910.16-6 governs the treatment of additional expenses that warrant an adjustment to the basic support obligation.

Subdivision (a) relates to child care expenses. Subdivision (a) has been amended to require that child care expenses incurred by either party are to be allocated between the parties in proportion to their respective net incomes. Subsection (a)(1), relating to the federal child care tax credit, was amended in 2004 to reflect recent amendments to the Internal Revenue Code. 26 U.S.C.A. § 21. By referring to the tax code in general, rather than incorporating current code provisions in the rule, any further amendments will be incorporated into the support calculation. Since the tax credit may be taken only against taxes owed, it cannot be used when the eligible parent does not incur sufficient tax liability to fully realize the credit. For this reason, subsection (2) provides that no adjustment to the total child care expenses may be made if the eligible parent does not qualify to receive the credit.

Subdivision (b) addresses health insurance premiums. The cost of the premiums is generally treated as an additional expense to be allocated between the parties in proportion to their net incomes. Subsection (1) of the rule permits allocation of the entire premium, including the portion of the premium covering the party carrying the insurance, when the insurance benefits the other party and/or the children. Subsection (2) clarifies that, in calculating the amount of the health care premium to be allocated between the parties, subdivision (b)(1) requires the inclusion of that portion of the health insurance premium covering the party who is paying the premium, so long as there is a statutory duty of support owed to that party, but not the portion of the premium attributable to non-parties and children who are not the subjects of the support order. Subsection (2)

provides for proration of the premium when the health insurance covers other persons who are not subject to the support action or owed a statutory duty of support. Subdivision (b) also permits an alternative method for dealing with the cost of health insurance premiums in certain circumstances. While, in general, the cost of the premiums will be treated as an additional expense to be allocated between the parties in proportion to their net incomes, in cases in which the obligee has no income or minimal income, subsection (4) authorizes the trier of fact to reduce the obligor's gross income for support purposes by some or all of the amount of the health insurance premiums. This is to avoid the result under a prior rule in which the entire cost of health insurance would have been borne by the obligor, with no resulting reduction in the amount of support he or she would otherwise be required to pay under the support guidelines. The goal of this provision is to encourage and facilitate the maintenance of health insurance coverage for dependents by giving the obligor a financial incentive to maintain health insurance coverage.

Subdivision (c) deals with unreimbursed medical expenses. Since the first $250 of medical expenses per year per child is built into the basic guideline amount in the child support schedule, only medical expenses in excess of $250 per year per child are subject to allocation under this rule as an additional expense to be added to the basic support obligation. The same is true with respect to spousal support so that the obligee-spouse is expected to assume the first $250 per year of these expenses and may seek contribution under this rule only for unreimbursed expenses which exceed $250 per year. The definition of "medical expenses" includes insurance co-payments, deductibles and orthodontia and excludes chiropractic services.

Subdivision (d) governs apportionment of private school tuition, summer camp and other unusual needs not reflected in the basic guideline amounts of support. The rule presumes allocation in proportion to the parties' net incomes consistent with the treatment of the other additional expenses.

Subdivision (e) provides for the apportionment of mortgage expenses. It defines "mortgage" to include the real estate taxes and homeowners' insurance. While real estate taxes and homeowners' insurance must be included if the trier of fact applies the provisions of this subdivision, the inclusion of second mortgages, home equity loans and other obligations secured by the marital residence is within the discretion of the trier of fact based upon the circumstances of the case.

**EXPLANATORY COMMENT — 2006**

47

A new introductory sentence in Rule 1910.16-6 clarifies that additional expenses contemplated in the rule may be allocated between the parties even if the parties' respective incomes do not warrant an award of basic support. Thus, even if application of the formula at Rule 1910.16-4 results in a basic support obligation of zero, the court may enter a support order allocating between the parties any or all of the additional expenses addressed in this rule.

The amendment to subdivision (e) recognizes that the obligor may be occupying the marital residence and that, in particular circumstances, justice and fairness may warrant an adjustment in his or her support obligation.

### EXPLANATORY COMMENT — 2008

Federal and state statutes require clarification to subdivision (b) to ensure that all court orders for support address the children's ongoing need for medical care. In those instances where the children's health care needs are paid by the state's medical assistance program, and eligibility for the Children's Health Insurance Program ("CHIP") is denied due to the minimal income of the custodial parent, the obligor remains required to enroll the parties' children in health insurance that is, or may become, available that is reasonable in cost.

Government-sponsored health care plans represent a viable alternative to the often prohibitive cost of health insurance obtainable by a parent. Except for very low income children, every child is eligible for CHIP, for which the parent with primary physical custody must apply and which is based on that parent's income. A custodial parent may apply for CHIP by telephone or on the Internet. While co-premiums or co-pays increase as the custodial parent's income increases, such costs are generally modest and should be apportioned between the parties. Moreover, health care coverage obtained by the custodial parent generally yields more practical results, as the custodial parent resides in the geographic coverage area, enrollment cards are issued directly to the custodial parent, and claims may be submitted directly by the custodial parent.

### EXPLANATORY COMMENT — 2010

Subdivision (e), relating to mortgages on the marital residence, has been amended to clarify that the rule cannot be applied after a final order of equitable distribution has been entered. To the extent that *Isralsky v. Isralsky*, 824 A.2d 1178 (Pa. Super. 2003), holds otherwise, it is superseded. At the time of resolution of the parties' economic claims, the former marital residence will either have been awarded to one of the parties or otherwise addressed.]

**Explanatory Comment — 2004**

Subdivision (a), relating to the federal child care tax credit, has been amended to reflect recent amendments to the Internal Revenue Code, 26 U.S.C. § 21. By generally referencing the Tax Code, rather than incorporating current Code provisions in the rule, further amendments will be incorporated into the support calculation.

**Explanatory Comment — 2005**

Pa.R.C.P. No. 1910.16-6 governs the treatment of additional expenses that warrant an adjustment to the basic support obligation.

Subdivision (a) relates to child care expenses. Subdivision (a) has been amended to require that child care expenses incurred by either party are to be allocated between the parties in proportion to their respective net incomes. Subsection (a)(1), relating to the federal child care tax credit, was amended in 2004 to reflect recent amendments to the Internal Revenue Code. 26 U.S.C. § 21. By referring to the Tax Code in general, rather than incorporating current Code provisions in the rule, any further amendments will be incorporated into the support calculation. Since the tax credit may be taken only against taxes owed, it cannot be used when the eligible parent does not incur sufficient tax liability to fully realize the credit. For this reason, subsection (2) provides that no adjustment to the total child care expenses may be made if the eligible parent does not qualify to receive the credit.

Subdivision (b) addresses health insurance premiums. The cost of the premiums is generally treated as an additional expense to be allocated between the parties in proportion to their net incomes. Subdivision (b)(1) of the rule permits allocation of the entire premium, including the portion of the premium covering the party carrying the insurance, when the insurance benefits the other party and/or the children. Subdivision (b)(2) clarifies that, in calculating the amount of the health care premium to be allocated between the parties, subdivision (b)(1) requires the inclusion of that portion of the health insurance premium covering the party who is paying the premium, so long as there is a statutory duty of support owed to that party, but not the portion of the premium attributable to non-parties and children who are not the subjects of the support order. Subdivision (b)(2) provides for proration of the premium when the health insurance covers other persons who are not subject to the support action or owed a statutory duty of support. Subdivision (b) also permits an alternative method for dealing with the cost of health insurance premiums in certain circumstances. While, in general, the cost of the premiums will be treated as an

**additional expense to be allocated between the parties in proportion to their net incomes, in cases in which the obligee has no income or minimal income, subsection (4) authorizes the trier-of-fact to reduce the obligor's gross income for support purposes by some or all of the amount of the health insurance premiums. This is to avoid the result under a prior rule in which the entire cost of health insurance would have been borne by the obligor, with no resulting reduction in the amount of support he or she would otherwise be required to pay under the support guidelines. The goal of this provision is to encourage and facilitate the maintenance of health insurance coverage for dependents by giving the obligor a financial incentive to maintain health insurance coverage.**

**Subdivision (c) deals with unreimbursed medical expenses. Since the first $250 of medical expenses per year per child is built into the basic guideline amount in the child support schedule, only medical expenses in excess of $250 per year per child are subject to allocation under this rule as an additional expense to be added to the basic support obligation. The same is true with respect to spousal support so that the obligee-spouse is expected to assume the first $250 per year of these expenses and may seek contribution under this rule only for unreimbursed expenses which exceed $250 per year. The definition of "medical expenses" includes insurance co-payments, deductibles and orthodontia and excludes chiropractic services.**

**Subdivision (d) governs apportionment of private school tuition, summer camp and other unusual needs not reflected in the basic guideline amounts of support. The rule presumes allocation in proportion to the parties' net incomes consistent with the treatment of the other additional expenses.**

**Subdivision (e) provides for the apportionment of mortgage expenses. It defines "mortgage" to include the real estate taxes and homeowners' insurance. While real estate taxes and homeowners' insurance must be included if the trier-of-fact applies the provisions of this subdivision, the inclusion of second mortgages, home equity loans and other obligations secured by the marital residence is within the trier-of-fact's discretion based upon the circumstances of the case.**

**Explanatory Comment — 2006**

**A new introductory sentence in Pa.R.C.P. No. 1910.16-6 clarifies that additional expenses contemplated in the rule may be allocated between the parties even if the parties' respective incomes do not warrant an award of basic support. Thus, even if application of either formula Pa.R.C.P. No. 1910.16-4 results in a basic support obligation of zero, the trier-of-fact may enter a support**

**order allocating between the parties any or all of the additional expenses addressed in this rule.**

**The amendment of subdivision (e) recognizes that the obligor may be occupying the marital residence and that, in particular circumstances, justice and fairness may warrant an adjustment in his or her support obligation.**

**Explanatory Comment — 2008**

**Federal and state statutes require clarification to subdivision (b) to ensure that all court orders for support address the children's ongoing need for medical care. In those instances where the children's health care needs are paid by the state's medical assistance program, and eligibility for the Children's Health Insurance Program ("CHIP") is denied due to the minimal income of the custodial parent, the obligor remains required to enroll the parties' children in health insurance that is, or may become, available that is reasonable in cost.**

**Government-sponsored health care plans represent a viable alternative to the often prohibitive cost of health insurance obtainable by a parent. Except for very low income children, every child is eligible for CHIP, for which the parent with primary physical custody must apply and which is based on that parent's income. A custodial parent may apply for CHIP by telephone or on the Internet. While co-premiums or co-pays increase as the custodial parent's income increases, such costs are generally modest and should be apportioned between the parties. Moreover, health care coverage obtained by the custodial parent generally yields more practical results, as the custodial parent resides in the geographic coverage area, enrollment cards are issued directly to the custodial parent, and claims may be submitted directly by the custodial parent.**

**Explanatory Comment — 2010**

**Subdivision (e), relating to mortgages on the marital residence, has been amended to clarify that the rule cannot be applied after a final order of equitable distribution has been entered. To the extent that *Isralsky v. Isralsky*, 824 A.2d 1178 (Pa. Super. 2003), holds otherwise, it is superseded. At the time of resolution of the parties' economic claims, the former marital residence will either have been awarded to one of the parties or otherwise addressed.**

**Explanatory Comment — 2018**

**The amendments provide for an adjustment to the parties' monthly net incomes prior to determining the percentage each party pays toward the**

**expenses set forth in Pa.R.C.P. No. 1910.16-6. Previously, the Rules of Civil Procedure apportioned the enumerated expenses in Pa.R.C.P. No. 1910.16-6(a)-(d), with the exception of subdivision (c)(5), between the parties based on the parties' respective monthly net incomes as calculated pursuant to Pa.R.C.P. No. 1910.16-2. This apportionment did not consider the amount of support paid by the obligor or received by the obligee.**

**The amended rule adjusts the parties' monthly net incomes, upward or downward, by the spousal support/APL amount paid or received by that party prior to apportioning the expenses. This methodology is not new to the Rules of Civil Procedure. In Pa.R.C.P. No. 1910.16-6(c)(5)(rescinded), the parties' monthly net incomes in spousal support/APL-only cases were similarly adjusted prior to the apportionment of unreimbursed medical expenses. Likewise, Pa.R.C.P. No. 1910.16-6(e) considers the parties' monthly net income after the receipt or payment of the support obligation for purposes of determining a mortgage deviation. As the new procedure adopts the methodology in former subdivision (c)(5), that subdivision has been rescinded as delineating the spousal support only circumstance is unnecessary.**

**Lastly, the amendment consolidates Pa.R.C.P. No. 1910.16-6(b)(1), (2), and (2.1).**

**Rule 1910.18. Support Order. Subsequent Proceedings.  Modification of Spousal Support or Alimony *Pendente Lite* Orders Entered Before January 1, 2019**

(a)	Subsequent **support order modification or termination** proceedings **[to modify or terminate a support order pursuant to Rule] pursuant to Pa.R.C.P. No.** 1910.19 shall be brought in the court **[which]that** entered the order. If the action has been transferred pursuant to **[Rule]Pa.R.C.P. No.** 1910.2 following the entry of a support order, subsequent proceedings shall be brought in the court to which the action was transferred.

(b)	Subsequent **support order enforcement** proceedings **[to enforce an order pursuant to Rule]pursuant to Pa.R.C.P. No.** 1910.20 may be brought in the court **[which]that** entered the support order or the court **[of a county]** to which the order has been transferred.

(c)	Subdivision (a) shall not limit the **plaintiff's** right**[ of the plaintiff]** to institute additional **support** proceedings**[ for support]** in **[any]a** county of proper venue.

**(d)	Unless a modification provides that the Internal Revenue Code, as amended by the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97), expressly applies, an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* is governed by the Pa.R.C.P. No. 1910.16-4(a)(2)(Part IV) formula.**

*Note:  See* **Pa.R.C.P. No. 1910.16-4(a)(1)(Part B) or (2)(Part IV), as relevant.**

\* \* \*

53

**Rule 1910.19. Support. Modification. Termination. Guidelines as Substantial Change in Circumstances. Overpayments**

\* \* \*

(c)	Pursuant to a petition for modification, the **[trier of fact]trier-of-fact** may modify or terminate the existing support order in any appropriate manner based **[upon]on** the evidence presented without regard to which party filed the petition for modification. If the **[trier of fact]trier-of-fact** finds that there has been a material and substantial change in circumstances, the order may be increased or decreased **[depending upon]based on** the **parties'** respective **monthly net** incomes**[ of the parties]**, consistent with the support guidelines**, [and ]**existing law, **and Pa.R.C.P. No. 1910.18(d),** and **[each]the** party's custodial time with the child at the time the modification petition is heard.

\* \* \*

**(h)**	*Modification of a Support Order with Child Support and Spousal Support or Child Support and Alimony Pendente Lite Entered Before January 1, 2019.*

**(1)**	**In a subsequent modification proceeding of an order awarding child support and spousal support or child support and alimony *pendente lite*, as provided in Pa.R.C.P. No. 1910.18(d), the trier-of-fact may on its own motion or upon the motion of a party:**

**(i)**	**make an unallocated award in favor of the spouse and one or more children; or**

**(ii)**	**state the support amount allocable to the spouse and to each child.**

**(2)**	**The trier-of-fact shall clearly state whether the order is allocated or unallocated even if the child support and spousal support or child support and alimony *pendente lite* amounts are delineated in the order.**

**(i)**	**If the order is allocated, the Pa.R.C.P. No. 1910-16.4(a)(2)(Part IV) formula determines the spousal support amount.**

54

**(A)** As the formula assumes an unallocated order, if the order's allocation utilizing the formula is inequitable, the trier-of-fact may adjust the order, as appropriate.

**(B)** In making an adjustment, the trier-of-fact shall consider the federal income tax consequences.

**(C)** If the parties are in higher income brackets, the income tax considerations are likely to be a more significant factor in determining a support amount.

**(ii)** If the order is unallocated or the order is for spousal support or alimony *pendente lite* only, the trier-of-fact shall not consider the federal income tax consequences.

*Note: See* 23 Pa.C.S. § 4348(d) for additional matters that must be specified in a support order if arrearages exist when the order is entered.

**(3)** A support award for a spouse and children is taxable to the obligee while an award for the children only is not. Consequently, in certain situations, an award only for the children will be more favorable to the obligee than an award to the spouse and children. In this situation, the trier-of-fact should utilize the method that provides the greatest benefit to the obligee.

**(4)** If the obligee's monthly net income is equal to or greater than the obligor's monthly net income, the guideline amount for spouse and children is identical to the guideline amount for children only. Therefore, in cases involving support for spouse and children, whenever the obligee's monthly net income is equal to or greater than the obligor's monthly net income, the guideline amount indicated shall be attributed to child support only.

**(5)** Unallocated child support and spousal support or child support and alimony *pendente lite* orders shall terminate upon the obligee's death.

**(6)** **In the event that the obligor defaults on an unallocated order, the trier-of-fact shall allocate the order for child support collection pursuant to the Internal Revenue Service income tax refund intercept program or for registration and enforcement of the order in another jurisdiction under the Uniform Interstate Family Support Act, 23 Pa.C.S. §§ 7101 - 7903. The trier-of-fact shall provide the parties with notice of allocation.**

*Note:* **This provision is necessary to comply with various state and federal laws relating to child support enforcement. It is not intended to affect an unallocated order's tax consequences.**

**(7)** **An unallocated child support and spousal support or child support and alimony *pendente lite* order is a final order as to the claims covered in the order.**

**(8)** **Motions for post-trial relief cannot be filed to the final order.**

*Note:* **The procedure relating to Motions for Reconsideration is set forth in Pa.R.C.P. No. 1930.2.**

**Subdivision (h) incorporates Pa.R.C.P. No. 1910.16 (rescinded) and Pa.R.C.P. No. 1910.16-4(f)(rescinded) for subsequent modification proceedings due to the enactment of the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97).**

* * *